JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Niles Valentine

**DEFENDANTS**
City of Saraland, Howard Rubenstein, and Warren Stephens

**(b)** County of Residence of First Listed Plaintiff   Mobile
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Mobile
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas M. Loper
Loper Law LLC, 452 Government Street, Suite E, Mobile, AL 36602

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine / Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 360 Other Personal / Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | Exchange |
| | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - / Product Liability | Leave Act | | ☐ 891 Agricultural Acts |
| | Medical Malpractice | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Rehabilitation Act of 1973, 29 USC §701 and under Section504, 29 USC §794, 42  USC § § 1983 and 1988
Brief description of cause:
Discrimination and retaliation in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/11/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas M. Loper

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NILES VALENTINE,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *  **Civil Action:** |
| | * |
| **CITY OF SARALAND,** | * |
| **HOWARD RUBENSTEIN,** | *  **JURY TRIAL DEMANDED.** |
| **in his Individual Capacity and in his** | * |
| **Official Capacity as Mayor of the City** | * |
| **of Saraland, and** | * |
| **WARREN STEPHENS,** | * |
| **in his Individual Capacity and in his** | * |
| **Official Capacity as Public Works** | * |
| **Superintendent of the City of Saraland,** | * |
| | * |
| **Defendants.** | * |

### COMPLAINT

COMES NOW, Plaintiff, Niles Valentine, by and through undersigned counsel, and for his Complaint against the Defendants: City of Saraland; Mayor Howard Rubenstein, in his Individual Capacity and in his Official Capacity as Mayor of the City of Saraland; and Warren Stephens in his Individual Capacity and in his Official Capacity as Public Works Superintendent, alleges as follows:

### Nature of Action

1.      This is a civil action for damages and other relief against the City of Saraland, Mayor Howard Rubenstein, and Public Works Superintendent Warren Stephens under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and under Section 504, 29 U.S.C. § 794, in particular; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); and the First and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C.§§ 1983 and 1988.

Plaintiff has been affected by discrimination and retaliation alleged in the claims set forth below and seeks permanent relief, including reinstatement, from the unlawful discriminatory practices involving the terms and conditions of his employment by the Defendants.

2.      The Rehabilitation Act and the Americans with Disabilities Act expressly prohibit discrimination in employment on the basis of disability. *See* 29 U.S.C. § 791, *et seq.*; 42 U.S.C. § 12101, *et seq.* Under the Rehabilitation Act, government entities such as the City of Saraland cannot discriminate or retaliate against individuals because they have a disability. Further, 42 U.S.C. § 12203 prohibits against retaliation and coercion of any person who has opposed any act or practice made illegal by the ADA. The United States Constitution prohibits violations of an individual's civil rights with § 1983 providing an avenue for enforcement.

### Jurisdiction and Venue

3.      The parties to this action reside in and/or are located in and do business within the jurisdiction of this Court. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4.      The Defendant City of Saraland is located and does business within this judicial district and division, and accepts federal money. The Defendants Rubenstein and Stephens are residents of Mobile County, in this judicial district. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. §12101, *et seq.*, 29 U.S.C. §2601, *et seq.*, 42 U.S.C. §2000e, *et seq.*, 28 U.S.C. §1391, and 29 U.S.C. § 791, 793, and 794.

5.      Plaintiff timely filed a charge of disability and retaliation discrimination with the Equal Employment Opportunity Commission on March 5, 2020 and was issued a Right to Sue Letter on March 13, 2020. [Attached herewith as Exhibits A and B]. Plaintiff timely files this

action within ninety days of receipt of his Notice of Right to Sue. Plaintiff has fulfilled all other administrative prerequisites to the filing of this action.

## Parties

6.　　Plaintiff Niles Valentine ("Mr. Valentine") is an adult male resident of Mobile County, Alabama and of this judicial district. Plaintiff was employed by the Defendant City of Saraland under the supervision of Defendants Howard Rubenstein and Warren Stephens at all material times hereto. Plaintiff suffers from Autism Spectrum Disorder ("Autism"). Plaintiff was diagnosed on or around 2009. Plaintiff informed the Defendants of his disability during his employment interview. Plaintiff requested reasonable accommodations for his disability. As such, Plaintiff was an "employee" of the Defendant within the meaning of the ADA and a protected "individual" for purposes of the Rehabilitation Act and § 1983 anti-retaliation protections.

7.　　Defendant City of Saraland ("City") is located in the Southern Division of the Southern District of Alabama and is a governmental entity for purpose of 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The City receives federal financial assistance and employs at least fifty (50) persons, and otherwise meets the jurisdictional prerequisites of the ADA and Rehabilitation Act.

8.　　Defendant Howard Rubenstein ("Rubenstein") is a resident of Mobile County, Alabama in the Southern Division of the Southern District of Alabama and was an individual employee responsible for the termination of Mr. Valentine for purposes of 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

9.　　Defendant Warren Stephens ("Stephens") is a resident of Mobile County, Alabama in the Southern Division of the Southern District of Alabama and was an individual

employee responsible for the termination of Mr. Valentine for purposes of 42 U.S.C. § 1983 and

42 U.S.C. § 1988.

## Factual Allegations Common to All Counts

10.     Plaintiff realleges and incorporates by reference paragraphs 1 through 9 above

with the same force and effect as if fully set out in specific detail herein.

11.     Niles Valentine was diagnosed with Autism Spectrum Disorder in the 8th grade.

Autism Spectrum Disorder is a developmental disorder affecting communication and behavior

characterized by difficulty with communication and interacting with other people, restricted

interests and repetitive behaviors, symptoms that affect the person's ability to function in school,

work, and other areas of life.

12.     While taking college classes at Coastal Alabama Community College, formerly

Faulkner State Community College, Mr. Valentine sought assistance from the Alabama

Department of Rehabilitation Services.

13.     Local district representative, Jacque Creagh, provided Plaintiff with assistance;

one aspect was job placement assistance.

14.     Ms. Creagh knew Warren Stephens, Superintendent at the Public Works

Department of Saraland.  She phoned him and provided Stephens with Plaintiff's contact

information in August of 2019.  Stephens contacted Mr. Valentine arranging an in-person

interview.

15.     During the interview, Mr. Valentine disclosed he had a disability, autism

spectrum disorder, and he needed accommodations consisting of a safe environment, people to

give him time, and not to be harassed at work.  Stephens assured Mr. Valentine that a good set of

people worked there, and they were hard workers. He told Mr. Valentine that his disability would not be an issue.

16.    Mr. Valentine began his employment in the Drainage Department of the Public Works Department for the City of Saraland in August of 2019. After two weeks of employment, Mr. Valentine started to be harassed, intimidated, threatened, and coerced by his coworkers due to his communication issues associated with his disability.

17.    In November of 2019, a co-worker threatened Mr. Valentine once again. Mr. Valentine had reached the threshold of being unwilling to take this abuse any longer. He reported it to his immediate supervisor, Michael Hall, a Public Service Worker II. Mr. Hall notified Stephens. Mr. Valentine and Stephens met one-on-one in Stephens' office to discuss the event and situation. The next day, Stephens called a meeting in the break room with the entire ditch crew. He advised the employees to get along, do their jobs, and that no one was being moved to another department. He also said that anyone complaining would "get a free pass out" of there. Mr. Valentine took that statement to mean if you complained, you would get fired.

18.    In December of 2019, Mr. Valentine was threatened, coerced, and intimidated again by coworkers. He reported this to his immediate supervisor, Michael Hall. Stephens called a meeting within the hour for the break room. Stephens inquired about the incident. During the meeting, Mr. Marquis Cheney stated, "How about I beat the shit out of you?" to the Plaintiff in front of Stephens. Stephens counseled the employees to not discuss anything amongst themselves and to "just say hi and bye." During the meeting, Stephens spoke to Mr. Valentine informing him that "people like you would get a beating on the street." Stephens ended the meeting with the similar warning that "anyone breaking the rule would be given a free pass out" of there.

19.     On January 22, 2020, Michael Hall called Mr. Valentine and two other co-workers in their work truck to go back to the break room for a meeting with Stephens. A co-worker had made a complaint against Mr. Valentine. Stephens noted to Mr. Valentine that this was the third incident Mr. Valentine had faced. Stephens said he would be meeting with Mayor Howard Rubenstein to discuss the Plaintiff's employment. Following this meeting, Mr. Valentine was sent back to work.

20.     The next day, on January 23, 2020, Stephens called Mr. Valentine into his office before the shift started. Stephens informed Mr. Valentine that he could be fired for any reason. The Plaintiff was then fired based on the complaints that he had made, and because Stephens felt he had to call three meetings because of Mr. Valentine's complaints. Mr. Valentine had rocked the boat based on his complaints, and Stephens followed through on his threats to give him a "free pass out" of there if he kept complaining.

21.     While Mr. Valentine was terminated, the co-worker who had brought the complaint on January 22, 2020 was not terminated.

22.     The Rehabilitation Act is a federal statute which ensures that no otherwise qualified individual with a disability shall, solely by reason of her/his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. The term "program or activity" includes "a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. 794(b)(1)(A).

23.     42 U.S.C. § 1983 makes civilly liable any person who, under color of state, subjects, or causes to be subjected, any citizen of the United State to the deprivation of any rights, privileges, or immunities secured by the Constitution.

24.     Mr. Valentine was at all times material to this lawsuit a disabled individual under the ADA and the Rehabilitation Act. Mr. Valentine suffers from Autism Spectrum Disorder, a mental health condition causing a physical or mental impairment that substantially limits one or more major life activities.

25.     The Defendants intentionally, willfully, and maliciously discriminated and retaliated against Mr. Valentine by failing to provide his accommodations and by terminating him because of his disability. The Defendants were aware of Mr. Valentine's disability. They did not provide a safe environment for him free of coercion, threats, and intimidation. Alternatively, and/or additionally, Mr. Valentine was terminated because he sought those accommodations and advocated for himself to obtain them. When he complained of his treatment, he was threatened with termination, and eventually terminated.

26.     As a proximate cause of the wrongful acts of Defendants, the Plaintiff avers he has suffered, and will continue to suffer, economic losses, lost wages, income, mental anguish, and other compensatory damages. The Plaintiff has suffered, and will continue to suffer, humiliation and mental distress as a result of the Defendants' behavior towards him. He has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of Defendants. The Defendants' actions have caused, and will continue to cause, substantial pecuniary, economic, and monetary losses, loss of enjoyment of life, and other non-pecuniary losses.

27.     The Defendants' actions were committed negligently, intentionally, knowingly, maliciously, in bad faith, and/or with reckless disregard for Plaintiff's state and federally protected rights.

## COUNT ONE:
## DISCRIMINATION UNDER THE REHABILITATION ACT OF 1973

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above with the same force and effect as if fully set out in specific detail herein.

29.     The Rehabilitation Act, as amended, protects qualified individuals with disabilities from discrimination in programs and activities receiving federal financial assistance.

30.     As a result of the City's actions, alleged herein, it has intentionally and in bad faith, with gross misjudgment or deliberate indifference, denied Plaintiff federally protected rights under the Rehabilitation Act; specifically, when Plaintiff was denied accommodations for his disability and was terminated because of his request for accommodations related to his disability.  Said actions were intentional and either in bad faith, with gross misjudgment, and/or done with reckless disregard of the Plaintiff's federally protected rights.

31.     As a proximate cause of the wrongful acts of the City, Plaintiff avers that he has suffered and will continue to suffer, economic losses, lost wages, income, mental anguish and other compensatory damages.  The Plaintiff has suffered, and will continue to suffer, humiliation and mental distress as a result of the City's behavior towards him.  He has suffered, and will continue to suffer, mental anguish and lost income from the loss of his job.  He has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of the City.  The City's actions have caused, and will continue to cause, substantial pecuniary, economic, and monetary losses, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a) Declaratory judgment that the City violated Mr. Valentine's rights provided to him by the Rehabilitation Act of 1973;

8

(b) Damages for pecuniary losses suffered by Mr. Valentine, including compensatory damages for loss of wages, mental anguish, emotional distress and embarrassment, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c) Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d) Punitive damages to deter conduct in the future;

(e) Reinstatement to the same or similar position;

(f) Reasonable attorneys' fees and costs of suit incurred herein; and

(g) Such other and further relief as the Court deems equitable and proper.

## COUNT TWO:
## RETALIATION UNDER THE REHABILITATION ACT OF 1973

32.    Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above with the same force and effect as if fully set out in specific detail herein.

33.    The Rehabilitation Act contains an anti-retaliation provision protecting an individual exercising their rights.

34.    The Defendant City has violated the Rehabilitation Act and its supporting regulations. The City intentionally retaliated against the Plaintiff by terminating him for requesting accommodations related to his disability and for complaining about his treatment by City employees related to his disability. Said actions were intentional and either in bad faith, with gross misjudgment, and/or done with reckless disregard of the Plaintiff's federally protected rights.

9

35.     As a proximate cause of the wrongful acts of the City, Plaintiff avers that he has suffered and will continue to suffer, economic losses, lost wages, income, mental anguish and other compensatory damages.  The Plaintiff has suffered, and will continue to suffer, humiliation and mental distress as a result of the City's behavior towards him.  He has suffered, and will continue to suffer, mental anguish and lost income from the loss of his job.  He has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of the City.  The City's actions have caused, and will continue to cause, substantial pecuniary, economic, and monetary losses, loss of enjoyment of life, and other non-pecuniary losses.

36.     As a direct and proximate result of City's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.* and the Rehabilitation Act of 1973, 29 USCS § 794, as hereto described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with the City, and has thereby incurred, and will continue to incur, legal fees, and costs, the nature and extent of which are presently unknown.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

37.     Under the Rehabilitation Act of 1973, 29 USCS § 794, the City is liable to Plaintiff in the amount of unpaid wages, and an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, and costs.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a) Declaratory judgment that the City violated Mr. Valentine's rights provided to him by the Rehabilitation Act of 1973;

(b) Damages for pecuniary losses suffered by Mr. Valentine, including compensatory damages for loss of wages, mental anguish, emotional distress and embarrassment, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c) Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d) Punitive damages to deter conduct in the future;

(e) Reinstatement to the same or similar position;

(f) Reasonable attorneys' fees and costs of suit incurred herein; and

(g) Such other and further relief as the Court deems equitable and proper.

## COUNT THREE:
## AMERICANS WITH DISABILITIES ACT OF 1990

38.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above with the same force and effect as if fully set out in specific detail herein.

39.     This is a civil action for damages against the Defendant City of Saraland for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.*

40.     The City is an "employer" within the meaning of the ADA.

41.     The City was aware of the need for accommodations.  The City had provided assurances to the Plaintiff of accommodations, but failed to provide accommodations and terminated Plaintiff's employment.

42.    The City caused or attempted to cause, or contributed to, or caused the continuation of, the discrimination based on a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.*

43.    As a result of discrimination, Plaintiff was caused to be injured and damaged; to have his career adversely impacted; to forgo compensation; to suffer future pecuniary losses; and to endure mental anguish, emotional distress, physical harm, humiliation, shame, and embarrassment.

44.    As a direct and proximate cause of the Defendant City's violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.* and/or the City's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and continues to suffer emotional distress; he has suffered and will continue to suffer a loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

45.    As a direct and proximate result of the Defendant City's violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.* and the Rehabilitation Act of 1973, 29 USCS § 794, as hereto described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with the Defendant, and as thereby incurred, and will continue to incur, legal fees and costs, the nature and extent of which are presently unknown.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

46.    Under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102, *et seq.*, specifically §§ 12205, the City is liable to Plaintiff in the amount of unpaid wages, and in an

additional equal amount as liquidated damages, as well as reasonable attorneys' fees, and costs, and any and all relief permitted under the ADA, including equitable relief.

47.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

48.    Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay him a reasonable fee for his services.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a) Declaratory judgment that the Defendant City of Saraland violated Mr. Valentine's rights provided to him by the Americans with Disabilities Act of 1990;

(b) Damages for pecuniary losses suffered by Mr. Valentine, including compensatory damages for loss of wages, mental anguish, emotional distress and embarrassment, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c) Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d) Punitive damages to deter conduct in the future;

(e) Reinstatement to the same or similar position;

(f) Reasonable attorneys' fees and costs of suit incurred herein; and

(g) Such other and further relief as the Court deems equitable and proper.

**COUNT FOUR:**
**42 U.S.C. § 1983, FOURTEENTH AND FIRST AMENDMENTS**

49.     Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above with the same force and effect as if fully set out in specific detail herein.

50.     Under the Equal Protection clause of the Fourteenth Amendment of the United States Constitution, Plaintiff had a right in his employment with the City, under the direction of Rubenstein and Stephens, to be free of disability discrimination and of retaliation for opposing disability discrimination.  He had a right under the First Amendment of the United States Constitution to freedom of speech and to petition the government for redress of grievances.  As a result of the Defendants' actions, alleged herein, the Defendants have violated the U.S. Constitutional Equal Protection rights of the Plaintiff, his U.S. Constitutional rights to freedom of speech, to petition for redress of grievances, and/or his federal statutory rights, which were clearly established at the time the action was taken and/or of which no reasonable person could have failed to appreciate that the conduct would violate these rights, under 42 U.S.C. § 1983.

51.     The Defendants discriminated and retaliated against the Plaintiff in that they terminated his employment for seeking accommodations for his disability, for advocating on his own behalf to receive accommodations and/or services for his disability as required by the Rehabilitation Act, the ADA and by law, and for reporting discrimination and a hostile work environment based on his disability.  Further, for the same reasons, Plaintiff was retaliated against by being treated differently because of his disability and by being terminated because of his disability and by reporting the discrimination and hostile work environment based on his disability.

52.     The Defendants under the color of state law, in violation of 42 U.S.C. § 1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights

14

by subjecting him to intentional and unlawful discriminatory and/or retaliatory practices based upon his disability and/or his advocacy for himself as described herein; specifically, through the termination of Plaintiff.

53.     During the relevant period of time that the Plaintiff was an employee of the Defendants, Plaintiff was treated differently than similarly situated employees who are not disabled and who have not advocated on behalf of themselves related to their disability.  Said treatment of Plaintiff concerned his termination which violated his rights guaranteed to him under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983.

54.     Plaintiff alleges that the actions of said Defendants in violating his rights under the Fourteenth Amendment of the United States Constitution and in violating 42 U.S.C. §1983 are official customs and practices of said Defendants.  Defendants' discriminatory acts against Plaintiff were willful, intentional, deliberate, malicious, and in bad faith.  Defendants' discriminating acts were carried out by final policy and decision makers or based upon a retaliation by final decision and policy makers.

55.     The Defendants violated Plaintiff's First Amendment rights when Defendants retaliated against Plaintiff for requesting accommodations; and/or advocating on behalf of himself related to his disability; and/or exercising protected speech rights; and/or opposing discriminatory practices.  Plaintiff's speech falls within the category of speech that is protected by the First Amendment of the United States Constitution.  Plaintiff's speech may be "fairly characterized as constituting speech on a matter of public concern." *J.R. Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989).  Further, said conduct by the City violated Plaintiff's First Amendment right to freedom to petition the government for redress of grievances.

56.     As a proximate cause of the wrongful acts of Defendants, Plaintiff avers he has suffered, and will continue to suffer, economic losses, lost wages and income, mental anguish and other compensatory damages. The Plaintiff has suffered, and will continue to suffer, humiliation and mental distress as a result of the Defendants' behavior toward him. He has suffered, and will continue to suffer, mental anguish and lost income from the loss of his job. He has suffered, and will continue to suffer, lost professional reputation, consequential damages and other economic losses due to said actions of the Defendants. The Defendants' actions have caused, and will continue to cause, substantial pecuniary, economic, and monetary losses, loss of enjoyment of life and other non-pecuniary losses.

57.     The Defendants acted with reckless and deliberate indifference to the Plaintiff's rights when making governmental decisions which deprived the Plaintiff of his property interest.

58.     The Defendants acted under color of state law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a) Declaratory judgment that Defendants violated Mr. Valentine's constitutional rights.

(b) Damages for pecuniary losses suffered by Mr. Valentine, including lost wages, earnings, back pay, and front pay, together with prejudgment interest at the prevailing rate, in an amount justified by the evidence adduced at trial;

(c) Liquidated damages in an amount equal to the damages awarded in accordance with the immediately preceding request;

(d) Reinstatement to the same or similar position;

(e) Reasonable attorneys' fees and costs of suit incurred herein; and

(f) Such other and further relief as the Court deems equitable and proper.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

<u>**Verification of Complaint**</u>

I, Niles Valentine, have reviewed the allegations contained in my Complaint against the

Defendants City of Saraland, Mayor Howard Rubenstein, and Warren Stephens.  I swear based

on my personal knowledge and beliefs that these allegations are true.

Niles Valentine

Sworn to on this 11 day of June, 2020.

Notary

DEBBIE S. AMSBAUGH
My Commission Expires
February 18, 2023

**Respectfully submitted this 11th day of June, 2020.**

/s/ Thomas M. Loper
Thomas M. Loper
ASB #: 8947-O57L

LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com

*Attorney for Plaintiff*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 425-2020-00480 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Niles V. Valentine | (251) 455-2299 | 1996 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 6605 Carolina Court, Mobile, AL 36685 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF SARALAND DRAINAGE DEPARTMENT | 15 - 100 | (251) 675-2103 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 150 Station Street, Saraland, AL 36571 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| EEOC Mobile Local Off. | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| MAP 0 9 2020 | | |

RECEIVED

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 12-01-2020 | 01-23-2020 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about August 10, 2019, I was hired as a Laborer. I was discharged because of my disability.

Throughout my employment, I repeatedly reported threats of physical harm towards myself and my family. One member of the crew told others I allegedly made comments I did not make. I informed the Respondent of the defamation of character and the threats made against me on January 23, 2020. I was discharged in retaliation for reporting the threats.

I was discriminated and retaliated against in violation of Title I of the Americans with Disabilities Act, Amendments Act of 2008.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x 3/5/2020   Niles Valentine<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT
A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Niles V. Valentine<br>6605 Carolina Court<br>Mobile, AL 36685 | From: | Mobile Local Office<br>63 S Royal Street<br>Suite 504<br>Mobile, AL 36602 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **425-2020-00480** | **Erika LaCour,**<br>**Local Office Director** | **(251) 690-2590** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour*                                         03/13/2020

Enclosures(s)                        Erika LaCour,                        *(Date Mailed)*
                                          **Local Office Director**

cc:   **CITY OF SARALAND DRAINAGE DEPARTMENT**
      *c/o Thomas Gaillard, Esq.*
      **Helmsing Leach**
      **P.O. Box 2767**
      **Mobile, AL 36652**



AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

| | |
|---|---|
| Niles Valentine | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| City of Saraland, | ) |
| Howard Rubenstein, in his Individual Capacity and in his | ) |
| Official Capacity, | ) |
| Varren Stephens, in his Individual Capacity and in his Official | ) |
| Capacity | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  City of Saraland
C/O Mayor Howard Rubenstein
943 Saraland Blvd. South
Saraland, AL 36571

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Thomas M. Loper
452 Government Street, Suite E
Mobile, AL 36602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

| | |
|---|---|
| Niles Valentine<br><br>———————————————<br>*Plaintiff(s)*<br>v.<br>City of Saraland,<br>Howard Rubenstein, in his Individual Capacity and in his<br>Official Capacity,<br>Varren Stephens, in his Individual Capacity and in his Official<br>Capacity<br>———————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
                Mr. Howard Rubenstein
                Mayor of the City of Saraland
                943 Saraland Blvd. South
                Saraland, AL 36571

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Thomas M. Loper
                                   452 Government Street, Suite E
                                   Mobile, AL 36602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____
                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

| | |
|---|---|
| Niles Valentine<br><br>_____<br>*Plaintiff(s)*<br>v.<br>City of Saraland,<br>Howard Rubenstein, in his Individual Capacity and in his<br>Official Capacity,<br>Varren Stephens, in his Individual Capacity and in his Official<br>Capacity<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Mr. Warren Stephens
Public Works Superintendent
943 Saraland Blvd. South
Saraland, AL 36571

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Thomas M. Loper
452 Government Street, Suite E
Mobile, AL 36602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                          *Signature of Clerk or Deputy Clerk*